Brooksay Realty Co.
vs. M. P. No. 1390.
James Monahan et al.

### July 12, 1932.

WALSH, J. Heard on respondents' motion for a new trial on the usual grounds after verdict by jury for petitioner in the sum of $3,267.88.

This is a petition for relief from an assessment for taxes made upon the property of the petitioner by the Board of Tax Commissioners of the City of Woonsocket, Rhode Island, as of June 15th, 1931, in accordance with the provisions of Sections 836, 837, 838 and 839, General Laws, 1923. The tax roll shows an assessment of land $280,550, and buildings $20,400, and a total tax payable at the rate of $25 per thousand of $7,523.75 (Exhibit H). A corrected tax bill showing amount of tax due as $7,473.75 was admitted to be the correct amount by respondents (Exhibit J). The tax not having been paid by the petitioner, the jury's verdict decides that the sum of $3,267.88 shall be deducted from the amount of said tax.

In this assessment were thirty-seven parcels of real estate comprising the former right of way and terminal properties of the Southern New England Railway Company which were bought by petitioner at Receivers' sale for the sum of $83,985. There were some buildings on the land owned by the petitioner and other buildings thereon owned by lessees. Upon the right of way, cuts, fills and abutments were present as of June 15, 1931.

On June 16, 1931, within the time prescribed by the Board of Tax Assessors, the petitioner filed its sworn return of all its ratable estate as of June 15th, 1931, and set the figure thereof as $168,160. The jury found that the full, fair cash value of all the ratable estate of petitioner as of June 15, 1931, was $168,235. The Court ruled that this finding was substantially a finding that petitioner had filed a true account. There was no evidence that petitioner had wilfully concealed or omitted any property from its account.

In determining the full, fair cash value of this property, the jury had the benefit of chalk marks summarizing the testimony of the values of the respective parcels given by all the experts on both sides; they spent a full day in going over the properties; they had representative pictures of the separate parcels to refresh their recollection; they paid most careful attention during the trial of more than three weeks; they had the assistance of able counsel; they were instructed to place a value upon each one of these parcels.

With this assistance, the jury arrived at its verdict in a reasonably short time. If this assistance had not been available, it would seem humanly impossible for them to absorb this confusing mass of facts and figures and to arrive at any reasonable conclusion.

Upon review of the case, the Court feels that there is ample testimony to sustain the finding of the jury. We feel that the jury was most careful and understood fully the duty placed upon it. The verdict does substantial justice as between the parties.

Motion for new trial denied.

Petitioner's attorney: Messrs. Hinckley, Allen, Tillinghast, Phillips & Wheeler.

Respondent's attorney: (City Solicitor) John J. Mee.